**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>Michael Justin Ortiz and Courtney Frances Ortiz,<br><br>Debtors. | Bankruptcy Case No. 26-11887-TBM<br>Chapter 7 |

## ORDER DENYING MOTIONS TO AVOID LIENS

THIS MATTER comes before the Court on the “Motion to Avoid Lien” (Docket No. 18, the “First Motion”), “Motion to Avoid Lien” (Docket No. 21, the “Second Motion”), and the “Motion to Avoid Lien” (Docket No. 24, the “Third Motion”) (collectively, the “Motions”) filed by the Debtors, Michael Justin Ortiz and Courtney Frances Ortiz, on July 20, 2026, and sent out on Notice pursuant to L.B.R. 4003-2.

The Debtors filed for relief under Chapter 7 on March 26, 2026. On July 20, 2026, the Debtors filed the Motions, seeking to avoid three judicial liens on their primary residence located at 1465 S Chase Street, Lakewood, CO 80232 (the “Real Property”). The Debtors claim an exemption in the Real Property pursuant to Colo. Rev. Stat. § 38-41-201(1)(a) in their Schedule C. The Debtors’ schedules provide that the fair market value of the Real Property as of the petition date is $459,200 and indicate that the Real Property is subject to a mortgage deed of trust in favor of AnnieMac Home Mortgage, in the amount of $191,677.

In the First Motion, according to the Debtors, a judicial lien of Affidian Credit Union, recorded on September 29, 2025, in Jefferson County, Colorado, at Reception No. 2025060720 in the amount of $2,715.02, currently encumbers the property.

In the Second Motion, according to the Debtors, a judicial lien of Alpine Credit Inc., recorded on December 16, 2025, in Jefferson County, Colorado, at Reception No. 2025080841 in the amount of $1,329.56, currently encumbers the property.

In the Third Motion, according to the Debtors, a judicial lien of Capital One N.A., recorded on January 29, 2026, in Jefferson County, Colorado, at Reception No. 2026005843 in the amount of $2,432.21, currently encumbers the property.

In the Motions, the Debtors assert that the judicial liens are impairing the Debtors’ homestead exemption of $231,455.57, and that the liens should be avoided in their entirety.

Notice of the Motion was provided to the affected creditors. No objection was filed.

For the reasons set forth herein, the Court finds that the homestead exemption is not impaired, and therefore, the liens cannot be avoided.

## Applicable Law

Under 11 U.S.C. § 522(f), a debtor may avoid the fixing of certain liens on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled. The most common example of such a situation involves a judicial lien affixed to a debtor's principal residence. 11 U.S.C. § 522(f)(1)(A). In Colorado, most debtors are entitled to a homestead exemption of $250,000.00 on their primary residence. COLO. REV. STAT. § 38-41-201(1)(a).[1]

To determine whether an exemption is impaired by a lien, 11 U.S.C. § 522(f)(2)(A) sets forth a simple math calculation: Add the (1) lien sought to be avoided, (2) all other unavoided liens on the property, and (3) the amount of the exemption the debtor could claim if there were no liens on the property. If the sum exceeds the value of the debtor's interest in the property (in the absence of any liens), the exemption is impaired. *Id*. If a debtor seeks to avoid more than one lien, a lien that has been avoided shall not be considered in making the calculation with respect to other liens. 11 U.S.C. § 522(f)(2)(B).

However, the analysis does not end there. The plain language of section 522(f)(1) provides that a lien may only be avoided only to the extent it impairs an exemption. "The excess of a judgment lien over the exemption amount logically and by definition cannot impair the exemption itself." *In re Pearson*, 428 B.R. 533, 542 (Bankr. D. Colo. 2010). As a result, an exemption may be wholly or partially impaired, and a judicial lien may be wholly or partially avoided. Courts in the Tenth Circuit look to *In re Brantz* to determine the precise nature of an exemption's impairment. *See*, *e.g.*, *Pearson*, 428 B.R. at 536 (Bankr. D. Colo. 2010) (citing the Supreme Court's approval of the *Brantz* calculation in *Owen v. Owen*, 500 U.S. 305, 313 n.5 (1991)). The *Brantz* case undertook the following analysis:

1. Determine the value of the property to which the judicial lien(s) is attached;
2. Deduct the amount of all liens not to be avoided;
3. Deduct the debtor's applicable exemption;
4. If the result is a negative number, then judicial liens are avoided in their entirety;
5. If the result is a positive number, then judicial liens are not avoided, in order of priority, in that amount only.

[1] Colorado's exemption statutes are made applicable herein by 11 U.S.C. § 522(b)(3).

*Pearson*, 428 B.R. at 537 (citing *Brantz*, 106 B.R. 62, 68 (Bankr. E.D. Penn. 1998)). The Brantz opinion limited the avoidance of judicial liens to the amount such liens exceed the debtor's equity in the property after deducting the debtor's exemption and unavoidable liens.

## Analysis

Applying the *Brantz* calculation to the judicial liens sought to be avoided here results in the following analysis:

| | |
|---|---|
| 1. Value of the Property: | $459,200.00 |
| 2. Less all other liens not to be avoided: | $191,677.00 |
| 3. Less homestead exemption: | $231,455.57 |
| 4. Total: | $ 36,067.43 |

Accordingly, the Court concludes that the Debtors are permitted to avoid the liens against their residence only to the extent that they exceed $36,067.43. This means that Affidian Credit Union, Alpine Credit Inc., and Capital One N.A., liens can only be avoided only to the extent that they exceed $36,067.43.

Since Affidian Credit Union's lien in the amount of $2,715.02 does not exceed $36,067.43, the lien cannot be avoided.

Since Alpine Credit Inc.'s lien in the amount of $1,329.56 does not exceed $36,067.43, the lien cannot be avoided.

Since Capital One N.A.'s, lien in the amount of $2,432.21 does not exceed $36,067.43, the lien cannot be avoided.

## Order

It is, therefore,

ORDERED that the First Motion is DENIED. The lien of Affidian Credit Union cannot be avoided pursuant to 11 U.S.C. § 522(f).

ORDERED that the Second Motion is DENIED. The lien of Alpine Credit Inc. cannot be avoided pursuant to 11 U.S.C. § 522(f).

ORDERED that the Third Motion is DENIED. The lien of Capital One N.A. cannot be avoided pursuant to 11 U.S.C. § 522(f).

DATED this 31st day of August, 2026.

BY THE COURT:

Thomas B. McNamara,
United States Bankruptcy Judge